IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KALEB ALEXANDER HOOSIER,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant. | Case No. 25-cv-00312-DKW-KJM<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

On July 24, 2025, Plaintiff Kaleb Hoosier, proceeding without counsel, filed a Complaint against the City and County of Honolulu (City), alleging that Revised Ordinances of Honolulu Section 13-15A.2, which he states "criminaliz[es]" sitting or lying on public sidewalks, violates various provisions of the U.S. Constitution. Dkt. No. 1.  At the same time, Hoosier also applied for, among other things, leave to proceed without prepayment of fees and costs.  Dkt. No. 3.

**I.     IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).   While

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Hoosier has made the required showing under Section 1915(a). In the IFP Application, although Hoosier states that he has no regular monthly expenses or dependents, he also states that he receives not a cent of income from any source, has $0 in a bank account, owns no things of value, and has total debts of $50,000. Based upon these representations, which the Court assumes the accuracy of for present purposes, Hoosier has insufficient income and/or assets to pay the $405 filing fee. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Hoosier also has no assets to provide security for said fee. As a result, the Court GRANTS the IFP Application, Dkt. No. 3.

## II.   Service[2]

To facilitate service, the Court ORDERS as follows:

---

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this initial stage of the proceedings, without any responsive pleading from the City, and while acknowledging that there may be defenses, affirmative or otherwise, to the claims alleged in the Complaint, the Court finds service of the same to be appropriate.

1. The Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.  The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Should Hoosier choose to use the U.S. Marshal to serve the summons and Complaint, he shall complete the forms as directed and then submit the following documents to the U.S. Marshal in Honolulu, Hawaiʻi: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to the City: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed and specified by Hoosier without payment of costs.  *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint. The U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If the City does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve the City pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of personal service will be taxed

        against the City in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Hoosier does not wish to use the U.S. Marshal for service, he may serve the City on his own, in compliance with Fed.R.Civ.P. 4.

7. Hoosier is cautioned that, if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Hoosier must serve on the City or its counsel a copy of all further documents he submits to the Court.  The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf.  In addition, Hoosier shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on the City or its counsel, and the manner in which service was accomplished.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Hoosier is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi in pursuing this action.

IT IS SO ORDERED.

Dated: July 31, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge