IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KALEB ALEXANDER HOOSIER,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant. | Case No. 25-cv-00312-DKW-KJM<br><br>**ORDER GRANTING IN PART DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS** |

Plaintiff Kaleb Hoosier, proceeding without counsel, brings claims against Defendant City & County of Honolulu, alleging that a City ordinance "criminaliz[ing] sitting or lying on public sidewalks in designated areas[]" violates federal constitutional and statutory law.   The City moves to dismiss these claims, arguing, among other things, that they fail to satisfy basic federal pleading standards. Upon review of the parties' briefing on the motion and the record generally, the Court agrees that the Complaint fails to provide sufficient clarity as to Hoosier's claims and, therefore, dismissal is warranted.   However, in part because of this lack of clarity and Hoosier's *pro se* status, leave to amend the Complaint is warranted in order for Hoosier to attempt to correct and/or clarify the deficiencies highlighted below.

## <u>BACKGROUND</u>

Hoosier's four-page Complaint alleges as follows: Hoosier is an "unhoused resident of Honolulu…reliant on public spaces for survival" and without "access to adequate shelter.   Dkt. No. 1 at ¶¶ 9, 12.   Between May and July 2025, Hoosier was "cited" 10 times under Section 13-15A.2—an alleged City ordinance that "prohibits sitting or lying on public sidewalks in designated areas, with penalties up to $1,000 or 30 days in jail…" (referred to herein as the "Ordinance").   *Id*. at ¶¶ 11, 13.   Perhaps up to "four" of these 10 "citations" were "dismissed for lack of evidence…."   *Id*. at ¶ 14.[1]

The following claims are asserted in the Complaint.   First, violations of the Eighth Amendment because the Ordinance's penalties are "grossly disproportionate" (Claim One).   *Id*. at ¶¶ 23, 32.[2]   Second, a violation of the Fourteenth Amendment's due process clause because the Ordinance's penalties "shock the conscience" (Claim Two).   *Id*. at ¶ 26.   Third, a violation of the Fourteenth Amendment's equal protection clause because the Ordinance "disproportionately targets homeless individuals as a class" (Claim Three).   *Id*. at ¶ 28.   Fourth, a violation of *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978), due to the City's "failure to train" its police officers

---

[1] Hoosier simultaneously alleges that only "three" of the 10 citations were dismissed for lack of evidence.   Dkt. No. 1 at 1.

[2] Although Hoosier brings this as two separate claims, in light of the bases and alleged constitutional support for the same, the Court treats the two claims as one herein.

(Claim Four).   *Id*. at ¶ 31.   All of these claims are brought solely against the City. The Complaint further asserts that the Ordinance is challenged "on its face and as applied[]" and seeks declaratory, injunctive, and monetary relief.   *Id*. at 4.

The City moves for dismissal of the Complaint, pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).   Dkt. No. 28.   First, the City argues that the Complaint fails to meet federal pleading standards.   Second, the City argues that Claim Four should be dismissed because it fails to state a claim under *Monell* for failure to train.   In opposition to the motion to dismiss, Dkt. No. 29, Hoosier argues that the Complaint satisfies both federal pleading standards and *Monell*.   With the filing of the City's reply, Dkt. No. 32, this Order now follows.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Id.*   Accordingly,

3

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would unduly delay the litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

Because all of Hoosier's claims are brought against the City, the Court begins by setting forth the legal framework for suing a municipality, such as the City, under Section 1983.

In *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978), the U.S. Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690-691.   In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v, Harris*, 489 U.S. 378, 388 (1989).   A municipality cannot be held liable under Section 1983 "*solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original).

As a result, a plaintiff can allege municipal liability under Section 1983 in one of three ways.   First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action.   *Id*. at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-483 (1986) ("The official must also be responsible for

establishing final government policy respecting such activity before the municipality can be held liable."). In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066-67 (9th Cir. 2013). Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" it operates with the force of law. *Monell*, 436 U.S. at 691 (quotation omitted). Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants. *City of Canton*, 489 U.S. at 388. In addition, a plaintiff must allege that a policy, custom, or failure to train actually caused a municipality's employee(s) to commit the constitutional deprivation. *Id*. at 391; *Monell*, 436 U.S. at 694.

Here, Claims One, Two, and Three all allege that a City Ordinance is unconstitutional, and, thus, implicates *Monell*. *Id*. at 690-691.[3] The remaining question, for purposes of these claims, is whether the Ordinance may be unconstitutional. Based upon the allegations of the Complaint, the Court agrees

---

[3]While neither party frames Claims One through Three in the context of *Monell*, because the City is the sole Defendant and *Monell* is the sole means with which to sue such an entity under Section 1983, as Hoosier does here, all of Hoosier's claims, *i.e.*, not just Claim Four, are properly considered under *Monell*. *See Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (explaining that "only" under *Monell* and its progeny may a municipality be found liable for a constitutional violation under Section 1983).

with the City that the same fails to meet federal pleading standards.   Specifically,

Hoosier's challenges to the Ordinance are unclear in various respects.

      First, Hoosier alleges that the Ordinance's penalties—a $1,000 fine or 30 days

in jail—are both excessive and cruel.   He also alleges that the Ordinance is

challenged on its face and as applied.   One problem with this, however, is that

Hoosier never alleges that he has, in fact, received any such fine or jail-time due to

the Ordinance.   *See Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998)

(explaining that an "as-applied challenge contends that the law is unconstitutional as

applied to the litigant's particular … activity, even though the law may be capable of

valid application to others.").   Another problem is that the allegations of the

Complaint, even though liberally construed, cannot be stretched to infer that the

Ordinance's penalties violate the Eighth Amendment in *all* circumstances, as

required for a valid facial challenge.   *See Ariz. Attorneys for Crim. Justice v. Mayes*,

127 F.4th 105, 107 (9th Cir. 2025) ("In general, a facial challenge can succeed only

when all a statute's applications would be unconstitutional.").   Rather, the

Complaint appears to allege something different: that the Ordinance is

unconstitutional as applied to the "homeless", the "unhoused", or to Hoosier alone.

A similar problem exists with the apparent facial challenge on Fourteenth

Amendment grounds in both Claims Two and Three.

Second, many (if not all) of these claims rely upon conclusory assertions of misconduct.   For example, Hoosier alleges that the Ordinance "targets" the homeless, represents "systematic discrimination", and "shock[s] the conscience". These assertions are entirely conclusory, unsupported by any *factual* allegations, and thus need not be accepted.   *See Iqbal*, 556 U.S. at 678.

The same is true of Claim Four, which asserts a "failure to train" the City's police officers.   The Complaint does not allege even one example of the training the City provides (or does not provide) its officers.   Instead, the Complaint merely alleges that up to four of the ten alleged citations Hoosier has received under the Ordinance were dismissed for "lack of evidence".   Even if true, however, without anything more, whether a citation was dismissed has no plausible relationship to the *training* (or lack thereof) provided to the City's police officers.   Moreover, it has even less to do with whether the same amounts to deliberate indifference towards Hoosier's rights.   *See City of Canton*, 489 U.S. at 388.   It is unclear whether Hoosier is bringing a "failure to train" claim or whether Claim Four is simply Claims One through Three in disguise.   For now, Claim Four, like the other claims, fails.

As mentioned, however, Hoosier is proceeding without counsel and this Order represents the first occasion for the Court to apprise him of deficiencies with the Complaint.   Further, upon review, it is not impossible for amendment to correct the same.   Therefore, the Court finds leave to amend warranted under the

circumstances here, should Hoosier choose to do so.   If amending the Complaint, Hoosier must state for each claim whether he is challenging the Ordinance facially or as-applied.   If the challenge is facial, as discussed, Hoosier must allege facts from which a plausible inference can be drawn that the Ordinance is unconstitutional in all circumstances.   If the challenge is as-applied, as also discussed, Hoosier must allege facts from which a plausible inference can be drawn that the Ordinance was unconstitutionally applied as to his specific activity.   In addition, in so alleging, Hoosier may not rely upon conclusory assertions to satisfy the pleadings standard. Instead, any claim must be premised upon alleged facts.

## <u>CONCLUSION</u>

For the reasons stated herein, the motion to dismiss, Dkt. No. 28, is GRANTED IN PART to the extent that the Complaint is DISMISSED for failure to state a claim.   **Hoosier may have until February 3, 2026 to amend the Complaint to the extent set forth herein.   Should Hoosier not file a timely amended complaint, this case will be dismissed with prejudice and without further notice.**

IT IS SO ORDERED.

Dated: January 14, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge